FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2012 SEP 27 P 3: 06

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CLEVELAND DAVID DUNN,

  Plaintiff,

v.                 CIVIL ACTION NO.: CV512-077

D. HART; J. MOORE;
H. VAUGHN; and S. FERRA,

  Defendants.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff Cleveland David Dunn ("Plaintiff"), an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Ware State Prison in Waycross, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

  28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff alleges that he has been awaiting brain surgery since July 2011. Plaintiff alleges that on September 9, 2011, he was attacked by unknown individuals and "was bleeding profusely from his eyes, mouth, nose, left arm, and head." (Doc. No. 1, p. 3). Plaintiff alleges that J. Moore, a Ware State Prison LPN, took his vital signs and cleaned his wounds. Plaintiff alleges that he told Moore that he was awaiting brain surgery and that he needed to be taken to an emergency room. Plaintiff alleges that Lieutenant Adams, who had assisted Plaintiff to the medical department, also told Moore that Plaintiff should be taken to an emergency room. Plaintiff alleges that Moore said that going to an emergency room was not necessary. Plaintiff alleges that Moore instructed him to fill out a request for follow-up treatment, to apply an ice-pack to his injuries, and to take Tylenol for pain. Plaintiff alleges that six (6) days later he was seen by S. Ferra, a Ware State Prison nurse practitioner. Plaintiff alleges that he asked to go to a hospital

and Augusta State Medical Prison and that Ferra told him the treatment recommended by Moore was sufficient.

Plaintiff names as Defendants Moore; Ferra; D. Hart, Warden at Ware State Prison; and H. Vaughn, director of nursing at Ware State Prison. Plaintiff has sued each Defendant in his or her individual capacity and in his or her official capacity. Plaintiff seeks "[a] preliminary and permanent injunction ordering the Georgia Department of Corrections to successfully execute the needed surgical procedures on Plaintiff with medical specialist in the required field" and "successful execution of all present and future medical operations, needed medications, medical supplies." (Doc. No. 1, p. 7). Plaintiff also seeks monetary damages.

Plaintiff has not named the Georgia Department of Corrections as a defendant in this case. As a result, Plaintiff's claim for an injunction against the Georgia Department of Corrections should be **dismissed**.[1]

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations that Hart and Vaughn were involved in any way with his medical treatment. Therefore, Plaintiff has not shown that he is entitled to relief against Hart or Vaughn. Hart and Vaughn should be **dismissed** as Defendants in this case.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825,

---

[1] It should be noted that any request by Plaintiff to amend his Complaint to add the Georgia Department of Corrections as a defendant in this case will be denied because any action or inaction by the Georgia Department of Corrections cannot be said to "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as any action or inaction by Moore and Ferra. FED. R. CIV. P. 20(a)(2)(A).

3

AO 72A
(Rev. 8/82)

832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Plaintiff's allegations, when read in a light most favorable to Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Moore and Ferra for deliberate indifference. However, Plaintiff sued Moore and Ferra in both their individual and official capacities. "A suit against an official in his or her official capacity is not a suit against the official but is rather a suit against the official's office." Love v. Tift Cnty., Ga., 2010 WL 1257998, *6 (M.D. Ga. 2010) (quoting Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007)). "A suit for money damages against a state officer in his official capacity is therefore a suit against the state and is barred by the Eleventh Amendment." Id. (citing Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994)). Consequently, Moore and Ferra are subject to suit for money damages only in their individual capacities. Plaintiff's claims for money damages against Moore and Ferra in their official capacities should be **dismissed**.

A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Moore and Ferra by the United States Marshal without prepayment of cost. If either Defendant elects to file a Waiver of Reply, then she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and

request that the Defendants waive formal service of summons.  FED. R. CIV. P. 4(d); Local Rule 4.5.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  FED. R. CIV. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver.  FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination.  FED. R. CIV. P. 30(a).  The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules.  Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein.  As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any.  The Defendants shall present such questions to the witness seriatim during the deposition.  FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be

AO 72A
(Rev. 8/82)

directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a

Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true

AO 72A
(Rev. 8/82)

and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 27th day of September, 2012.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE